IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>THOMAS MATTHEW DARSOW,<br><br>Defendant. | CR 18–06–M–DLC<br><br><br><br>ORDER |

Before the Court is Defendant Thomas Matthew Darsow's Motion for Early Termination of Supervised Release. (Doc. 39.) On May 7, 2018, Mr. Darsow was adjudged guilty to one count of Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1). (Doc. 29.) On August 13, 2018, Mr. Darsow was sentenced to imprisonment for 24 months and five years of supervised release. (Doc. 34.) Mr. Darsow began his period of supervised release on December 6, 2019 and has since served more than 32 months of his term. (Doc. 40 at 2.) He now seeks termination of the remaining term of supervised release. The United States defers to the discretion of the Court. (Doc. 39 at 2.) The United States Probation Office does not oppose Mr. Darsow's early termination. (*Id.*)

Under federal law, this Court may:

after considering the factors set forth in section 3553(a)(1), (a)(2)(B),

1

(a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, [1] if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Mr. Darsow began his five-year term of supervised release on December 6, 2019 (Doc. 40 at 2), rendering him statutorily eligible for the premature termination of his remaining term of supervised release. Accordingly, the Court will consider the pertinent factors.

These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" (3) the applicable sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities

---

[1] The Federal Rules of Criminal Procedure generally obligate this Court to hold a hearing prior to modifying the conditions of Mr. Darsow's supervised release. Fed. R. Crim. P. 32.1(c). Such a hearing is not necessary, however, if Mr. Darsow waives it, or if the proposed modification is favorable to him and the United States does not object. The early termination of Mr. Darsow's supervised release is obviously favorable to him, and the United States did not object. (Doc. 39.) Accordingly, the Court will dispose of this matter without a hearing.

among defendants with similar records who have been found guilty of similar conduct;" and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). This Court need not discuss every factor, but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of supervised release context. *Emmett*, 749 F.3d at 820–21.

The Court finds that consideration of the foregoing factors supports the early termination of Mr. Darsow's remaining term of supervised release. Mr. Darsow's Brief in Support of his motion indicates that Mr. Darsow has made significant and meaningful changes in his life, including completing RDAP and DTAP programs while at the Great Falls RRC. (Doc. 40 at 3.) Mr. Darsow has also met all of his financial obligations. (Doc. 40 at 4.) The Court has not been informed of any violations of the conditions of his supervised release since early 2020, and Mr. Darsow's supervised release has never been revoked. (Doc. 40 at 3–4.) The Court concludes that the § 3553(a) factors support early termination of Mr. Darsow's term of supervised release. The Court wishes Mr. Darsow the best of luck.

Accordingly, IT IS ORDERED that the motion (Doc. 39) is GRANTED.

IT IS FURTHER ORDERED that Mr. Darsow's remaining term of supervised release is TERMINATED as of the date of this Order.

The Clerk of Court is directed to notify the United States Probation Office of the making of this Order.

DATED this 30th day of August, 2022.

_____
Dana L. Christensen, District Judge
United States District Court